13-4042-cr
United States v. Ng

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand fourteen.

PRESENT: DENNIS JACOBS,
CHRISTOPHER F. DRONEY,
<u>Circuit Judges</u>,
LEWIS A. KAPLAN,[*]
<u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
        <u>Appellant</u>,

        -v.-                                    13-4042-cr

YING WAI PHILLIP NG, PUI KUEN NG,
        <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                PAUL TUCHMANN (<u>with</u> David C.
                              James <u>on the brief</u>), for Loretta

---

[*]Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, New York.

**FOR APPELLEES:** MICHELLE A. GELERNT (<u>with</u> David A. Lewis <u>on the brief</u>), Federal Defenders of New York, Inc., New York, New York.

ZACHARY MARGULIS-OHNUMA (<u>with</u> Sharlene Morris <u>on the brief</u>), New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Glasser, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **VACATED** and **REMANDED** for further proceedings.

The United States appeals from the judgment of the United States District Court for the Eastern District of New York (Glasser, <u>J.</u>), dismissing the Information filed against defendants Ying Wai Phillip Ng and Pui Kuen Ng.

The Ngs, a husband and wife who owned and operated a commercial driving school in Brooklyn, devised a scheme to help their Chinese clients cheat on the written test administered, in English only, by the Department of Motor Vehicles ("DMV"), for a commercial driver's license ("CDL").

Posing as a Mandarin-speaking client, an undercover agent with the Homeland Security Investigations unit (the "UC") visited the Ngs' driving school, informed Mrs. Ng that a potential employer wanted to hire him to drive a bus, and arranged for assistance in taking the written CDL exam. Upon urging by the UC, the Ngs both promised not to tell any potential employer how the UC passed the CDL written exam.

Mr. Ng helped the UC take and pass the CDL exam by use of a paging device and video camera. The UC paid Mr. Ng for his services after completing the test. An applicant who passes the test receives a temporary Class B permit from the DMV; the permit is subsequently mailed to the applicant.

The Ngs were arrested, waived their right to indictment and pleaded guilty to an Information charging them with a

2

single count of conspiracy to commit mail fraud.  The Information charged that the Ngs:

> knowingly and intentionally conspire[d] to devise a scheme and artifice to defraud prospective employers of individuals with CDLs, and to obtain money and property from those prospective employers by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to place and to cause to be placed in a post office and authorized depository for mail matter, one or more matters and things to be sent and delivered by the United States Postal Service, to wit: envelopes sent by the DMV containing fraudulently obtained CDLs and commercial CDL Class B permits.

The district court accepted the Ngs' guilty pleas, but later questioned the legal sufficiency of the Information.  The court ultimately permitted the Ngs to withdraw their pleas and dismissed the Information.

In finding the Information legally insufficient, the district court recognized that "[i]t is not disputed that the CDL license was not 'property' in the hands of the New York DMV."  United States v. Ng, 973 F. Supp. 2d 217, 219 (E.D.N.Y. 2013); see Cleveland v. United States, 531 U.S. 12, 15 (2000) ("We conclude that permits or licenses of this order do not qualify as 'property' within [18 U.S.C.] § 1341's compass.").  The district court, however, did not determine whether the salary to be paid to the Ngs' customers by a hypothetical employer could properly be considered "money or property" within the meaning of the mail fraud statute, Ng, 973 F. Supp. 2d at 222, or whether (as urged by the Ngs) the only loss incurred by a potential employer who hired a customer of the Ngs would be the "'honest services' of the imaginary employee which would not be 'property' within the meaning of the statute."  Id. (citing Skilling v. United States, 561 U.S. 358 (2010)).

The district court did not reach these questions because it dismissed the Information on the ground that "[t]he objective of the scheme here was to deceive the DMV,"

3

that this end "was accomplished when the CDL test was passed and not when the mailing occurred," id., and "that this was not the fraud by mail the statute was aimed at," id. at 226.

In the district court, the Ngs "concede[d] the government has satisfied the mail element of the mail fraud statute." Therefore, we may properly conclude that any argument to the contrary was waived. See Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co., 2014 WL 3844155, at *18-19 (2d Cir. Aug. 6, 2014). In any event, "[t]he gravamen of the [mail fraud] offense is the scheme to defraud, and any 'mailing that is incident to an essential part of the scheme satisfies the mailing element.'" Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639, 647 (2008) (quoting Schmuck v. United States, 489 U.S. 705, 712 (1989)). True, the Ngs "act[ed] with knowledge that the use of the [mails] w[ould] follow in the ordinary course of business." United States v. Reifler, 446 F.3d 65, 96 (2d Cir. 2006) (citation omitted). But, this was sufficient to satisfy the mailing element of the mail fraud statute.

We remand for the district court to determine whether the Information sufficiently charges that the object of the alleged conspiracy was to deprive its alleged victims – prospective employers – of "money or property" within the meaning of the mail fraud statute and, if so, for further proceedings as may be appropriate. The district court on remand of course will be aware that, after Skilling, no mail fraud conspiracy conviction could stand on a deprivation of honest services theory; proof of the intended deprivation of money or property would be essential.

For the foregoing reasons, the judgment of the district court is **VACATED** and this matter is **REMANDED** for further proceedings before the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4